1

2

3

4

5

6

7

8

9

10

11

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

| | | |
|---|---|---|
| ANDREW LOPEZ, | ) | 1:06-cv-0689-OWW WMW HC |
| Petitioner, | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS RE |
| vs. | ) | MOTION TO DISMISS |
| | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| JEANNE WOODFORD, | ) | |
| | ) | [Doc. 12] |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

19

20

21

22

23

24

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.  Pending before the court is Respondent's motion to dismiss.

25

## PROCEDURAL HISTORY

26

27

28

On June 12, 1992, Petitioner was convicted of second degree murder and two sentencing enhancements were found true. The trial court sentenced him to an indeterminate state prison term of fifteen years to life, plus two years for the enhancements.  Petitioner filed

a direct appeal and on March 11, 1994, the California Court of Appeal affirmed the judgment.   Petitioner did not file a petition for review with the California Supreme Court.

Petitioner subsequently filed nine pro se petitions for post-conviction relief in the California state courts.  On April 5, 2004, Petitioner filed a petition for writ of habeas corpus in this court challenging the same conviction challenged in the present petition.  See Lopez v. Scribner, 1:04-CV-05529 AWI SMS HC.  On August 30, 2006, the Magistrate Judge recommended that the petition be dismissed for Petitioner's failure to comply with the one-year statute of limitations.   The District Judge adopted the findings and recommendations and judgment was entered on November 20, 2006.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a);  28 U.S.C. § 2241(c)(3);  Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), cert. denied, 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), cert. denied, 520 U.S. 1107, 117 S.Ct. 1114 (1997), overruled on other grounds by Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

2

The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must

accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

In this petition for writ of habeas corpus, Petitioner contends that he was denied his right of confrontation and cross-examination of the actual accusers in front of the jury as required by Crawford v. Washington, 541 U.S. 36 (2004).  Respondent moves to dismiss this petition on the grounds that it is an unauthorized second or successive petition and that it is barred by the statute of limitations.  Petitioner opposes the motion.  Because the court finds the first ground to be meritorious, it finds it unnecessary to address the second.

Under AEDPA's "gatekeeping" provisions, an applicant seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).   Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(I)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii)   the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).  Section 2244(b)(1) provides that, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a

4

prior application shall be dismissed" (emphasis added).

The court finds that, as Respondent argues, to the extent that Petitioner indirectly raised this claim in his previous pre-<u>Crawford</u> federal petition, his claim must be dismissed pursuant to 28 U.S.C. § 2244(b)(1).  To the extent that Petitioner relies on <u>Crawford</u> for the first time on federal habeas in raising this claim, his current challenge to his conviction is successive under 28 U.S. C. § 2244(b)(2).  Petitioner has not obtained the necessary authorization from the Court of Appeals to prosecute such a successive petition. Accordingly, this court is required to dismiss the petition Sections 2244(b)(1) and (2).

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) That Respondent's motion to dismiss be GRANTED;

2) That this petition for writ of habeas corpus be DISMISSED without prejudice as an unauthorized second or successive petition;

3) That the Clerk of the Court be directed to deny Petitioner's motion to grant the petition as  moot [Doc. 22];

4) That the Clerk of the Court be directed to deny as meritless Petitioner's motion to strike Respondent's reply [Doc. 26];

5) That the Clerk of the Court be directed to deny as irrelevant Petitioner's motion to expand the record [Doc. 27];

6) That the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    January 22, 2008**              /s/  **William M. Wunderlich**
                                   UNITED STATES MAGISTRATE JUDGE